## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Leland Roland Nelson, II,<br><br>Petitioner,<br><br>v.<br><br>Kathy Halvorson,<br><br>Respondent. | Case No. 17-cv-1444 (DSD/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Petitioner Leland Roland Nelson, II's ("Nelson"), Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") [Doc. No. 1].  For the reasons set forth below, the Court recommends that the Petition be denied.

## I.     Background

### A.     Trial and Conviction

After a jury trial, Nelson was convicted and sentenced on January 27, 2014, on two counts of first-degree sexual conduct in violation of Minnesota Statutes § 609.342 subdiv. 1(a). (Pet. at 1); (Resp's Mem. in Opp'n to Pet. for Writ of Habeas Corpus, "Mem. in Opp'n" [Doc. No. 19 at 1]); *see also State v. Nelson*, No. A14-0700, 2015 WL 4507668, at *1 (Minn. Ct. App. July 27, 2015).

Central to Nelson's conviction was the use of recorded testimony by his two victims, S.L. and C.L.—ages six and four, respectively. *See Nelson*, 2015 WL 4507668,

at *1–4. The trial court allowed the presentation of the recorded testimony of S.L. and

C.L. so long as the children could also testify live, pursuant to Minnesota Statutes

§ 595.02, subdiv. 3. *Id.* at *1. During their respective live testimony, the children acted

their age and were easily distracted or otherwise responded vaguely to the prosecutors'

questions. *Id.* at *2. The prosecutors did not keep either witness on the stand long and

Nelson's attorney did not cross-examine them. *Id.* Nevertheless, the trial court allowed

the recorded testimony to be played for the jury which included the children's statements

that Nelson forced them to touch him inappropriately. *Id.* at *1–2. In addition, the

children's father was also allowed to testify about statements that S.L. made to him about

her encounters with Nelson. *Id.* at *2.

> Nelson's attorney initially objected just to the admission of statements S.L.
> made to her father, arguing that they were hearsay. The state responded that
> it planned to lay the foundation to admit the girl's statements as excited
> utterances. The district court reserved its ruling and told the defense to
> object when the state actually asked Larson for S.L.'s statements. But
> Nelson's attorney never objected after the question was asked or after
> Larson testified to S.L.'s statements.

*Id.*

Nelson never testified in his own defense. *Id.* The trial judge, however, allowed a

sheriff's deputy to testify regarding an interview he conduction with Nelson at the time of

the investigation. *Id.* On direct examination, the witness stated that Nelson

> denied that [the conduct] happened. At that point I became very direct with
> Mr. Nelson, and I told him that I did believe it happened. I told him that I
> believed the children were telling the truth and that he needed to talk about
> it, enable himself to get some help and help these children to deal with what

happened.

*Id.* Nelson's attorney did not object to this line of questioning. *Id.*

### B.    Appeal and Post-Conviction Relief

Nelson, with the aid of counsel, timely filed a direct appeal of his conviction with

the Minnesota Court of Appeals. *See* (Ex. 1 [Doc. No. 20-1]); *see also* (Mem. in Opp'n at

2.)  In the brief filed by his attorney, Nelson raised two issues on appeal: (1) whether the

district court erred under Minnesota Statutes § 595.02 subdiv. 3 when it allowed S.L's

out of court statements to be admitted given S.L.'s "unavailability" at trial; and (2)

whether the district court erred by admitting S.L.'s hearsay statement made to her father

and by admitting the sheriff's deputy statements regarding the credibility of the children's

accounts. *See, e.g.*, (Ex. 1 at 2, 9, 15–31.[1])  In addition to the brief submitted by counsel,

Nelson also submitted a pro se brief in which he asserted the additional issue that he

received ineffective assistance from his trial counsel. *See* (Ex. 2 [Doc. No. 20-2.])

The Minnesota Court of Appeals issued its decision on July 27, 2015, affirming

Nelson's conviction. *See generally Nelson*, 2015 WL 4507668. In considering Nelson's

arguments regarding the inadmissibility of the statements made by S.L., C.L., S.L.'s

father, and the sheriff's deputy, the court of appeals conducted a plain-error analysis

under *State v. Griller*, 583 N.W.2d 736, 740 (Minn.1998), because Nelson did not object

to the admission of the testimony at trial. *See id.* at *3–5. Conducting this analysis

---

[1] When referencing the exhibits, CM/ECF pagination is used.

pursuant to Minnesota law, the court of appeals concluded that none of the alleged errors

constituted plain error. *See id.*  The Minnesota Court of Appeals deemed Nelson's

ineffective assistance of counsel argument waived on appeal because he failed to "specify

how his defense counsel's performance was deficient or how the deficient performance

prejudiced the defense" as required by Minnesota law. *Id.* at *6 (internal quotation marks

omitted).

Nelson filed a petition for review with the Minnesota Supreme Court on August

26, 2015, (Ex. 5 [Doc. No. 20-5 at 11].)  The petition for review raised the same issues

argued in Nelson's counsel's brief before the Minnesota Court of Appeals. *See generally*

(Ex. 5.)  Nelson did not file a pro se submission with the petition for review. The

Minnesota Supreme Court denied Nelson's petition for review on October 20, 2015. (Ex.

7 [Doc. No. 20-7].)

Next, Nelson filed a pro se petition for post-conviction relief pursuant to

Minnesota Statutes § 590.01 subdiv. 1 on December 9, 2015. *See* (Ex. 8 [Doc. No. 20-8].)

Nelson asserted seven grounds in his request for post-conviction relief: (1) violations of

his "rights of Due Process"; (2) courthouse interviews resulted in obstruction of justice;

(3) misconduct by public officials was withheld from the court; (4) violations of his equal

protection rights under the Fourteenth Amendment; (5) prosecutorial misconduct in the

manner in which certain statements were presented during opening and closing

statements; (6) denial of effective assistance of counsel "before, during, and after trial";

4

and (7) that "the evidence was not sufficient to support the convictions." (*Id.* at 2.)

Nelson's petition was denied on April 11, 2016, premised primarily on procedural

grounds that Nelson could have raised the issues raised in his petition for post-conviction

relief at the time of his direct appeal and he failed to raise them on direct appeal. *See* (Ex.

10 [Doc. No. 20-10] at 7–8.) Nelson appealed the post-conviction court's determination.

*See* (Ex. 11 [Doc. No. 20-11.]) The Minnesota Court of Appeals affirmed the post-

conviction court's determination under *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn.

1976). *See* (Ex. 13 [Doc. No. 20-13].) Nelson did not seek review of the court of

appeal's decision by the Minnesota Supreme Court. *See* (Pet. at 5–9); (Mem. in Opp'n at

5.)

### C.    Instant Petition

Nelson now seeks habeas review alleging three grounds of relief: (1) violations of

the Sixth Amendment of the U.S. Constitution; (2) violations of the Fifth Amendment of

the U.S. Constitution; and (3) violations of the Fourteenth Amendment of the U.S.

Constitution. (Pet. at 5–9.)

## II.    Discussion

### I.    Legal Standard

An application for writ of habeas corpus is only available to those in custody that

exhaust their available state remedies. *See* 28 U.S.C. § 2254(b)–(c). Exhaustion is a

federal requirement that "is designed to give the state courts a full and fair opportunity to

resolve federal constitutional claims before those claims are presented to the federal

courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). As a result, "state prisoners

must give the state courts one full opportunity to resolve any [federal] constitutional

issues by invoking one complete round of the State's established appellate review

process." *Id.* Stated differently:

> [b]efore seeking a federal writ of habeas corpus, a state prisoner must
> exhaust available state remedies, thereby giving the State the opportunity to
> pass upon and correct alleged violations of its prisoners' federal rights. To
> provide the State with the necessary opportunity, the prisoner must fairly
> present his claim in each appropriate state court (including a state supreme
> court with powers of discretionary review), thereby alerting that court to the
> federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted) (internal quotation marks

omitted). Fair presentation of a claim occurs when "the state court rules on the merits of

his claims, or if [the petitioner] presents his claims in a manner that entitles him to a

ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999) (citing

*Castille v. Peoples*, 489 U.S. 346, 351 (1989)). That is, "[i]n order to fairly present a

federal claim to the state courts, the petitioner must have referred to a specific federal

constitutional right, a particular constitutional provision, a federal constitutional case, or a

state case raising a pertinent federal constitutional issue in a claim before the state

courts." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (emphasis added) (internal

quotation marks omitted).

6

In situations where a claim is unexhausted, but no state court remedy exists (because, e.g., procedural rules would prevent further attempts at exhaustion), the claim is also considered procedurally defaulted. *See, e.g.*, *Murphy*, 652 F.3d at 848–50 (holding that petitioner procedurally defaulted on his Eighth Amendment claims because they were not properly raised in state court and were therefore barred under *Knaffla*). Whether a petitioner procedurally defaults his federal habeas claim is a question of state law. *See Armstrong v. Iowa*, 418 F.3d 924, 926 (8th. Cir. 2005) (stating that "if no state court remedy is available for the unexhausted claim" federal courts cannot conduct "review of the defaulted claim" (internal quotation marks omitted)). As a result, when a claim is procedurally defaulted, federal courts are prevented from adjudicating the claim on the merits unless a petitioner can demonstrate cause and prejudice, "or demonstrate[s] that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (internal quotation marks omitted).

When a federal habeas claim before a federal court is properly asserted, relief should not be granted unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). That is, the question becomes "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). This is a deferential standard; the federal court "must deny a writ—even if we disagree with the state court's

7

decision—so long as that decision is reasonable in view of all the circumstances." *May v. Iowa*, 251 F.3d 713, 716 (8th Cir. 2001) (citing *Williams*, 529 U.S. at 409–13).

## II.   Analysis

### 1.   Grounds Related to Nelson's Appeal of his Conviction

Any grounds in Nelson's Petition that relate to the direct appeal of his conviction are procedurally defaulted, notwithstanding the Minnesota Supreme Court's denial of review on those issues. Critically, all the issues raised when Nelson appealed his conviction were disposed of on procedural grounds. First, the court of appeals dealt with evidentiary issues that were unpreserved at trial.[2] *See Nelson*, 2015 WL 4507668, at *3– 5.  Second, the court of appeals waived Nelson's pro se argument related to ineffective assistance of counsel because he failed to support that claim with facts or legal argument. *See id.* at *6.

With respect to the unpreserved alleged evidentiary errors, The Minnesota Court of Appeals resolved these errors under Minnesota's doctrine of plain error review. *See id.* at 3–5; *see also State v. Ramey*, 721 N.W.2d 294, 297–99 (Minn. 2006). Under Minnesota law, plain error review is a rule of procedure. In particular, the Minnesota Supreme Court in *Ramey* stated

---

[2] Because the Minnesota Supreme Court denied review, the Minnesota Court of Appeal's decision is the final decision for the purposes of the Court's review. *See Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) ("We can review, however, only judgments of a state court of last resort or of a lower state court if the state court of last resort has denied discretionary review." (internal quotation marks omitted)).

Applying the plain error doctrine encourages defendants to object at trial, which is preferred because the district court is in an unique position to determine what actions constitute prosecutorial misconduct. When a defendant does not make a contemporaneous objection, the district court does not have the opportunity to rule on the misconduct or make a determination as to whether a corrective instruction is required or appropriate. Defendants should be encouraged to object at trial because objections provide the trial court an opportunity to prevent or cure the effects of alleged prosecutorial misconduct.

721 N.W.2d at 298–99.

This procedurally defaults Nelson's ground for federal habeas relief on the basis of his unpreserved alleged evidentiary errors because the state court resolved Nelson's claim by applying the state's plain error doctrine regarding unpreserved challenges to those errors. *See Kaczmarek v. Rednour*, 627 F.3d 586, 592 (7th Cir. 2010); *see also Clark v. Bertsch*, 780 F.3d 873, 875–76 (8th Cir. 2015) (describing an unpreserved alleged error as a procedurally defaulted claim); *Hayes v. Lockhart*, 766 F.2d 1247, 1253 (8th Cir. 1985) (same); *Ramey* 721 N.W.2d at 297–99; *cf. Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002) (holding that a federal court may not consider habeas claims that were adjudicated on independent and adequate state procedural grounds). In other words, the Minnesota Court of Appeals "refuse[d] to reach the merits of a petitioner's federal claims because they were not raised in accord with the state's procedural rules (i.e., because the petitioner failed to contemporaneously object)." *Kaczmarek*, 627 F.3d at 591. As a result, "that decision rests on independent . . . state procedural grounds." *Id.*; *see also Reagan*, 279 F.3d at 656; *Hayes*, 766 F.2d at 1253.

9

Likewise, the Minnesota Court of Appeals did not reach the merits of Nelson's ineffective assistance of counsel claim because the court of appeals rested on a state procedural rule that deems arguments waived that are not supported by "factual or legal arguments." *See Nelson*, 2015 WL 4507668, at \*6 (citing *State v. Krosch*, 642 N.W.2d 713, 719 (Minn. 2002) (holding that a pro se brief that contains no legal argument or citation to legal authority is waived)).

Nevertheless, "[a] state procedural rule is adequate only if it is a 'firmly established and regularly followed state practice.'" *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quoting *James v. Kentucky*, 466 U.S. 341, 348–49 (1984)). Here, Minnesota has consistently applied plain error review to unpreserved challenges during trial. *See Ramey* 721 N.W.2d at 298. Specifically, in *Ramey* the court recounted the use of plain error review as follows

> In 1998, we decided *State v. Griller*, which clarified the plain error analysis. 583 N.W.2d 736 (Minn. 1998) . . . . Since *Griller* was decided, and particularly in the last few years, we have most often applied the plain error doctrine, rather than the *Caron* standard, when reviewing cases involving unobjected-to prosecutorial misconduct. By contrast, the *Caron* standard has mainly been limited to cases involving objected-to prosecutorial misconduct since the late 1990s. *See, e.g.*, *State v. Cabrera*, 700 N.W.2d 469, 473–75 (Minn.2005) (applying the *Caron* standard to objected-to prosecutorial misconduct).

*Ramey*, 721 N.W.2d at 298. In other words, *Ramey* discussed two lines of cases that have been applied consistently in different circumstances: *Griller* and its progeny for unpreserved trial issues and *Caron* and its progeny for preserved trial issues. *Id.* As a

10

result, the Court concludes that Nelson's grounds for habeas relief premised on

unpreserved alleged evidentiary errors are procedurally defaulted. *See Clark*, 780 F.3d at

874; *Ramey* 721 N.W.2d at 297–99.

For similar reasons, the Court concludes that Nelson's grounds for relief premised

on his ineffective assistance of counsel claims are also procedurally defaulted. Indeed,

Minnesota courts have been holding unsupported arguments procedurally waived for at

least seventy years. *See Louden v. Louden*, 22 N.W.2d 164, 166 (Minn. 1946) ("An

assignment of error based on mere assertion and not supported by any argument or

authorities in appellant's brief is waived and will not be considered on appeal unless

prejudicial error is obvious on mere inspection."). This practice has been applied

consistently over that time. *See, e.g.*, *Krosch*, 642 N.W.2d at 719–20 (citing cases);

*Kaehler v. Kaehler*, 18 N.W.2d 312, 313 (Minn. 1945) (same).

For Nelson's procedural default to be excused, he must "demonstrate cause and

prejudice for the default." *Armstrong*, 418 F.3d at 926 (internal quotation marks omitted).

Here, Nelson failed to reply to Respondent's arguments that Nelson procedurally

defaulted his federal claims, *see* (Mem. in Opp'n at 7–8), and at no other point does

Nelson provide any reasons why his procedural default should be excused. Because the

Court cannot independently identify any cause or prejudice excusing the procedural

default, and because Nelson has not argued reasons that would demonstrate cause for the

default and prejudice resulting from it, grounds in the Petition that relate to his appeal of

11

his original conviction are procedurally defaulted. *Id.*; *see also Clark*, 780 F.3d at 874;
*Ramey* 721 N.W.2d at 297–99.

### 2.      Grounds Related to Nelson's Petition for Post-Conviction Relief

As stated above, Nelson did not seek review of the court of appeals' decision
regarding his petition for post-conviction relief before the Minnesota Supreme Court.
Failure to seek review by the Minnesota Supreme Court prevented these claims from
being fairly presented. *See Baldwin*, 541 U.S. at 29. Thus, these claims remain
unexhausted.

These claims are also procedurally defaulted. Both Minnesota Rule of Criminal
Procedure 29.04 and *Knaffla* bar further Minnesota state court review of Nelson's claims.
Under Minnesota Rule of Criminal Procedure 29.04, the time for Nelson to seek
Minnesota Supreme Court review has long passed. "A party petitioning for review to the
Supreme Court from the Court of Appeals must serve and file the petition for review
*within 30 days after the Court of Appeals files its decision.*" Minn. R. Crim. P. 29.04,
subdiv. 2 (emphasis added). The court of appeals issued its order on February 8, 2017,
denying Nelson's requests for post-conviction relief. *See* (Ex. 13.)  Nelson never
attempted to seek review of the court of appeals decision, and the 30-day period to do so
has passed. *See* Minn. R. Crim. P. 29.04, subdiv. 2; *see also* (Pet. at 5–9); (Mem. in
Opp'n at 5.)

Also, as the state district court and the court of appeals recognized, Nelson's

future attempts to obtain post-conviction relief for these grounds are barred under

*Knaffla*. *See* (Ex. 10 at 7); (Ex. 13). There is nothing to suggest that these findings

regarding the application of *Knaffla* were contrary to law. Nelson could have raised these

grounds previously, and his failure to do so bars future attempts at relief under *Knaffla*.

*See* (Ex. 10 at 7); (Ex. 13); *cf. Murphy*, 652 F.3d at 849–50.

That said, as a point of clarification, *Knaffla* only applied to Nelson's ineffective

assistance of *trial* counsel claim. *See* (Ex. 8 at 2); (Ex. 10 at 5.) *Knaffla* did not apply to

Nelson's ineffectiveness of his *appellate* counsel claim because that is not something

Nelson knew or could have known during the pendency of his trial or raised on direct

appeal. But this does not save Nelson's Petition; this aspect of his post-conviction

petition was deemed waived under Minnesota procedural rules because Nelson "fail[ed]

to allege facts necessary to show that, but for the ineffective assistance of his attorney,

there was a reasonable probability that the outcome . . . would have been different." (Ex.

10 at 5.) Thus, for the same reasons as stated above, Nelson's ineffective assistance of

appellate counsel claim was not resolved on the merits but rather was rejected under an

independent Minnesota procedural rule that deems arguments waived if they lack factual

support or legal citation. *See Krosch*, 642 N.W.2d at 719–20. Thus, Nelson's ineffective

assistance of appellate counsel claim is procedurally defaulted. *Accord Reagan*, 279 F.3d

at 656; *Hayes*, 766 F.2d at 1253.

In addition, to the extent *Knaffla* did not apply to Nelson's ineffective assistance

13

of appellate counsel claim at the time of his first petition for post-conviction relief,

*Knaffla* would nevertheless apply in any *subsequent* petition for post-conviction relief on

this basis. *See Brown v. State*, 746 N.W.2d 640, 642 (Minn. 2008) ("*Knaffla* similarly

bars postconviction review of claims that could have been raised in a previous

postconviction petition."); *see also Knaffla*, 243 N.W.2d at 741 (stating "all matters

raised therein, and all claims known but not raised, will not be considered upon a

subsequent petition for postconviction relief"); *cf. Murphy*, 652 F.3d at 849–50. There are

no exceptions available to Nelson under *Knaffla*. "The primary exceptions . . . are where

a novel legal issue is presented, or the interest of fairness require relief." *Murphy*, 652

F.3d at 849 (citing *Washington v. State*, 675 N.W.2d 628, 630 (Minn. 2004)). Here,

nothing in Nelson's Petition is novel, nor do any of his arguments suggest that interests of

justice require review.

Further, as described above, these bars are both firmly established and regularly

followed by Minnesota state courts. Consequently, Nelson's grounds that correspond to

his attempts at obtaining post-conviction relief are procedurally defaulted. *Accord*

*Murphy*, 652 F.3d at 849–50; *Barnett*, 541 F.3d at 808; *Brown*, 746 N.W.2d at 642;

*Krosch*, 642 N.W.2d at 719–20.

### 3.    Conclusion

For the above reasons, all of Nelson's grounds in his Petition are procedurally

defaulted. As a result, the Court recommends that Nelson's Petition be dismissed with

14

prejudice.

## III.   No Certificate of Appealability Is Warranted

Before appealing a final ruling on a federal habeas petition, a state prisoner must be granted a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).  The Court cannot grant such a certificate unless "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The applicant must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings."  *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).

This Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Nelson's claims any differently than recommended here. Nelson has not identified, and the Court cannot independently discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review.  The Court therefore recommends that Nelson not be granted a COA.

## IV.   Recommendation

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner Leland Roland Nelson, II's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] be **DENIED**;

2. This action be **DISMISSED with prejudice**; and

3. No certificate of appealability be issued.


Dated: October 16, 2018                     s/ *Hildy Bowbeer*

                                            HILDY BOWBEER
                                            United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under D. Minn. LR 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).